IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                                                         OPINION AND ORDER

                              Plaintiff,

                                                              09-cv-614-slc

              v.

PIERCE COUNTY JAIL and
SUE BROWN,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this proposed civil action under 42 U.S.C. § 1983, plaintiff Tally Ann Rowan
alleges that defendants Pierce County jail and Sue Brown opened plaintiff's outgoing mail
in April 2009.  Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915
and has made an initial partial payment as directed by the court under § 1915(b)(1).

        Because plaintiff is an inmate, the 1996 Prison Litigation Reform Act requires the
court to deny leave to proceed if her complaint is legally frivolous, malicious, fails to state
a claim upon which relief may be granted or asks for money damages from a defendant who
by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff also
is a pro se litigant, which means her complaint will be construed liberally as it is reviewed

1

for these potential defects.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  Having reviewed plaintiff's proposed complaint, I conclude that she may not proceed at this time because her complaint violates Fed. R. Civ. P.  8.  Accordingly, I will reserve ruling on the merits of her complaint until she corrects these violations.


DISCUSSION

Petitioner's complaint does not meet the requirements of Fed. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  In her one-paragraph complaint, plaintiff alleges only that on or about April 30, 2009, defendant Sandy Larson, a deputy at the Pierce County jail, opened plaintiff's sealed, outgoing letter.  Plaintiff fails to identify the type or subject of the mail that was opened unlawfully or any injury that she has suffered as a result.  These facts are critical to determining whether plaintiff stated a claim upon which relief may be granted.

More than 20 years ago, the Court of Appeals for the Seventh Circuit held that prison officials may inspect outgoing mail without violating the First Amendment, at least with respect to nonlegal mail.  <u>Gaines v. Lane</u>, 790 F.2d 1299, 1304 (7th Cir. 1986).  <u>See also</u> <u>Koutnik v. Berge</u>, 03-C-345-C, 2004 WL 1629548, *4 (W.D. Wis. July 19, 2004) (concluding that similar policy at Wisconsin Secure Program Facility was constitutional). Also, prisoners do not have a freestanding right to be present when prison staff open their

2

legal mail. Vasquez v. Raemisch, 480 F. Supp. 2d 1120, 1138-41 (W.D. Wis. 2007). At the most, prisoners have a viable claim when the opening of legal mail interferes with a lawsuit. Kaufman v. McCaughtry, 419 F.3d 678, 685-86 (7th Cir. 2005); see also Marion v. Radtke, Case No. 07-cv-243-bbc, 2009 WL 1373660, *4-5 (W.D. Wis. May 14, 2009) (noting legal mail does not encompass everything related to lawsuit; certain documents, like court orders, are matter of public record). Because it is impossible to tell from plaintiff's allegations whether she can state a claim that is not foreclosed by previous decisions of the court of appeals, her complaint must be dismissed without prejudice for failure to comply with Rule 8. If plaintiff believes that she can state a claim upon which relief can be granted, she may have until October 30, 2009 within which to submit a proposed amended complaint. If plaintiff fails to respond by that date, I will close this case.

For plaintiff's sake, I note two potential obstacles that plaintiff should keep in mind before deciding whether to proceed with her lawsuit. First, although plaintiff "suspect[s] other official mail is being opened," she appears to have evidence of only one incident. The court of appeals has held that the First Amendment is violated only by repeated incidents, suggesting ongoing, intentional behavior. Castillo v. Cook County Mail Room Department, 990 F.2d 304, 306 (7th Cir. 1993). Isolated incidents are not sufficient to state a claim. Second, as I have explained in plaintiff's other lawsuits, the Pierce County jail is not a proper

3

party in a lawsuit brought pursuant to 42 U.S.C. § 1983.  <u>Powell v. Cook County Jail</u>, 814

F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" under § 1983).


ORDER

IT IS ORDERED that:

1.  Plaintiff Tally Ann Rowan's complaint is DISMISSED because it is in violation

of Fed. R. Civ. P. 8.

2.  Plaintiff may have until October 30, 2009, in which to submit a proposed

amended complaint that conforms to the requirements Fed. R. Civ. P. 8.  If, by October 30,

2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case

for plaintiff's failure to prosecute.

3.  If, by October 30, 2009, plaintiff submits a revised complaint as required by this

order, I will take that complaint under advisement for a determination whether plaintiff may

proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.

Entered this 12th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4